UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAY BANK, a division of COWLITZ BANCORP, a state chartered bank, successor to ASIA, EUROPE, AMERICAS BANK,<br><br>Plaintiffs<br>v.<br><br>f/v, ORDER OF MAGNITUDE, O. N. 959446, ITS Engines, Machinery, appurtenances, etc., IN REM;<br><br>and<br><br>RAY G. WADSWORTH, and LYDIA J WADSWORTH, et al.,<br><br>Defendants,<br><br>v.<br><br>THE 13TH REGIONAL CORPORATION,<br><br>Third Party Defendants. | No. C05-5740RBL<br><br>ORDER DENYING MOTION TO DISMISS ARBITRATION CLAIMS |

This matter is before the Court on the Motion of Third Party Defendant 13th Regional Corporation's Motion to Dismiss the "Arbitration Claims" alleged against it by Defendants and Third Party Plaintiffs Wadsworth, Peterson, Redman, and Johnston. [Dkt. #32] The underlying litigation involves a claim by Bay Bank against the Defendants (and a ship) seeking re-payment for a loan.

ORDER    1

Defendants have in turn sued the 13th, arguing that it is obligated to indemnify them under the terms of a subsequent "Subscription Agreement." Though they have initiated this aspect of the ligation, the Defendants/Third Party Plaintiffs seek primarily to force the 13th to arbitrate their claims against it. The 13th opposes this effort. Thus, the 13th's "Motion to Dismiss Arbitration Claims" seeks not to force arbitration of the disputed claims, but instead to avoid arbitration by having this court dismiss the arbitration demand under Fed. R. Civ. P. 12(b)(6).

It is beyond dispute that the Subscription Agreement contains an arbitration clause. It provides in part that in the event of an unresolved dispute "either party may initiate binding arbitration by written notice to the other naming a single arbitrator [from JAMS or WAMS]."

The issue presented by the 13th's Motion is a narrow one. The 13th argues that the Defendants/Third Party Plaintiffs are not parties to the Subscription Agreement, or the agreement to arbitrate claims contained in it. Accordingly, they argue, the Defendants/Third Party Plaintiffs' claim to enforce the indemnity agreement against the 13th is not subject to arbitration. The Defendants/Third Party Plaintiffs respond that they are third party beneficiaries of the Subscription Agreement, as it expressly provides that the 13th will indemnify them personally.

Under Washington law, the creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract. . . . If the terms of the contract necessarily require the promisor to confer a benefit upon a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person . . . . The "intent" which is a prerequisite of the beneficiary's right to sue is "not a desire or purpose to confer a particular benefit upon him," nor a desire to advance his interests, but an intent that the promisor shall assume a direct obligation to him. *See Lonsdale v. Chesterfield*, 99 Wn.2d 353, 361 662 P.2d 385 (1983).

It is apparent that while the Defendants/Third Party Plaintiffs signed the Agreement only in their

representative capacities, they were expressly made beneficiaries of some of its provisions, namely and specifically the indemnity provision. The agreement could have been clearer, but it is apparent that the individual Defendants/Third Party Plaintiffs have rights under it.   Nonsignatories can enforce arbitration agreements as third party beneficiaries. *Comer v. Micor*, *Inc*., 436 F.3d 1098, 1101 (9th Cir. 2006) (internal citations omitted).

For this reason, the 13th's Rule 12(b)(6) Motion to Dismiss the Defendants/Third Party Plaintiffs' "demand for arbitration" on the basis that they are not parties to the arbitration agreement is DENIED.

It is therefore ORDERED that

The Third Party Defendants' Motion to Dismiss Arbitration Claims [Dkt. #32] is DENIED.

DATED this 10th day of March, 2006.

                                    /s/ Ronald B. Leighton
                                    RONALD B. LEIGHTON
                                    UNITED STATES DISTRICT JUDGE

ORDER       3