UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAY BANK, a division of COWLITZ BANCORP, a state chartered bank, successor to ASIA, EUROPE, AMERICAS BANK,

    Plaintiffs

v.

f/v ORDER OF MAGNITUDE, O. N. 959446, its Engines, Machinery, appurtenances, etc., *IN REM*;

and

RAY G. WADSWORTH, and LYDIA J WADSWORTH, et al.,

    Defendants and Third Party Plaintiffs

v.

THE 13TH REGIONAL CORPORATION,

    Third Party Defendants.

No. C05-5740RBL

ORDER DENYING MOTION TO COMPEL ARBITRATION

This matter is before the Court on the Motion of Defendants and Third Party Plaintiffs Wadsworth, Peterson, Redman, and Johnston ("Defendants / Third Party Plaintiffs") to Compel arbitration of its third party claims against The 13th Regional Corporation pursuant to the May 2004 Subscription Agreement

ORDER    1

between AlaskaCatch and The 13th. [Dkt. #62]  The underlying litigation involves a claim by Bay Bank against the Defendants / Third Party Plaintiffs  (and a ship) seeking re-payment for a loan. The Defendants / Third Party Plaintiffs  are Managers of an entity known as AlaskaCatch LLC.  AlaskaCatch entered into a "Subscription Agreement" with The 13th, pursuant to which The 13th would purchase a majority interest in AlaskaCatch, assume pre-existing loan obligations to Bay Bank, and, relevant here, to indemnify AlaskaCatch's Shareholders (Defendants / Third Party Plaintiffs here) with respect to that loan.

The Subscription Agreement was between AlaskaCatch and The 13th, and was signed by various parties in their representative capacities on behalf of those respective entities.  The 13th has argued that its CEO, Ken Krajewski, did not have actual or apparent authority to enter into the Subscription Agreement, despite the fact that it (like AlaskaCatch) performed under it for some time prior to the dispute leading to this litigation.  The Defendants / Third Party Plaintiffs bound AlaskaCatch, but also obtained in the Agreement an indemnity provision benefitting themselves personally with respect to the Bay Bank loan. They presumably did so because they were personally liable to the Bank on its loan to AlaskaCatch[1].

When Bay Bank began its collection efforts against them, the Third Party Plaintiffs made an arbitration demand upon The 13th.  That effort was not successful as The 13th claimed that Krajewski was not authorized to bind it to the Subscription Agreement generally and to its arbitration provision specifically. When the Defendants / Third Party Plaintiffs were sued by Bay Bank in this case, they in turn asserted a third party claim against The 13th, seeking to force arbitration of the Subscription Agreement's indemnity provision.

The 13th sought to dismiss that arbitration claim under Rule 12(b)(6), arguing that the Defendants / Third Party Plaintiffs were not parties to the Subscription Agreement (and thus could not enforce its

---

[1] AlaskaCatch LLC is or was in a Chapter 11 bankruptcy.  Because of this, when Bay Bank was not repaid its loan, it sued, seeking payment from the guarantors of that loan, the Defendants /Third Party Plaintiffs here.

ORDER         2

arbitration provision). [*See* Dkt. # 32] Because the Subscription Agreement's indemnity provision made the Defendants / Third Party Plaintiffs third party beneficiaries of the agreement, the court denied The 13th's Motion. [*See* Dkt. #47.]

Defendants / Third Party Plaintiffs now affirmatively seek to compel arbitration of their indemnity claims against The 13th pursuant to the Subscription Agreement.

As it indicated it would in its initial Motion, The 13th raises additional defenses to the arbitrability of the Defendants / Third Party Plaintiffs claims against it. It argues that Krajewski did not have apparent or actual authority to bind The 13th to the "irregular," "one sided" and "unprecedented" sort of Agreement that the Defendants / Third Party Plaintiffs now seek to enforce. It argues that "authority" issues are for the court to determine in the first instance, and that the question of Krajewski's authority must be resolved in court, not by the arbitrator. Indeed, it argues, this precise issue has already been ruled upon by Judge Brian Gain of the King County Superior Court. In a 2004 state court action by The 13th against AlaskaCatch, apparently still pending,[2] AlaskaCatch sought to compel arbitration pursuant to the Subscription Agreement, and Judge Gain denied the Motion, ruling "The 13th is entitled to a jury trial on the issue of whether Mr. Krajewski had authority to bind The 13th to the Subscription Agreement." [*See* Dkt. 74-3; Declaration of James Fowler at Ex. 36]

It should also be noted that there are numerous other issues[3] and dynamics at play. Mr. Johnston, who is both an attorney and a Defendant / Third Party Plaintiff as a Charter Member of AlaskaCatch,

---

[2]Absent from the voluminous filings in this case is an explanation of what exactly that state court case involves, its interplay with the issues here, and its status. The Defendants / Third Party Plaintiffs do claim they are seeking a reversal of Judge Gain's Order in state court.

[3]Also pending before the Court are the Plaintiff's Motion for Summary Judgment, The 13th's Motion to Join AlaskaCatch LLC as a party, and the Vandeberg firm's Motion to Dismiss Johnston's claims against it.

ORDER                                       3

represents himself in this case. The 13th makes a number of claims that Johnston violated his ethical obligations under the RPCs in his dealings with The 13th. For his part, Johnston has asserted an additional Third Party Complaint against two of The 13th's members or shareholders, Liz Ross and Norman Ream, and against its CEO, Ken Krajewski, personally, alleging breach of fiduciary duty, securities violations, and the like. He has also sued The 13th's counsel herein, Vandeberg Johnson and Gandara, alleging that it "aided and abetted" these violations and itself violated the RPCs in its conduct prior to this litigation. There are numerous other counter and cross claims, and third party complaints by and among the various parties.

Against this backdrop, the Defendants / Third Party Plaintiffs argue that their indemnity claims against the 13th should be severed and referred to arbitration. They argue that Krajewski had authority to enter into the Subscription Agreement as a matter of law, and that Judge Gain's ruling was made on an incomplete record, is not binding, and was wrong.

It is beyond dispute that the Subscription Agreement contains an arbitration clause. It provides in part that in the event of an unresolved dispute "either party may initiate binding arbitration by written notice to the other naming a single arbitrator [from JAMS or WAMS]."

In the face of a genuine dispute, however, the issue of the Agreement's executor's authority to bind The 13th is one for the court in the first instance, not an arbitrator. *See Three Valleys Mun. Water Dist,* 925 F.2d 1136 (9th Cir. 1991); *see also Buckeye Check Cashing v. Cartenga*, 126 S. Ct. 1204 (2006).

As The 13th argues, the Defendants / Third Party Plaintiffs' Motion is akin to a Motion for Summary Judgment on the authority of Krajewski to execute the Subscription Agreement. To compel arbitration, the court must determine as a matter of law that there is no genuine issue of material fact as to Krajewski's authority. There are numerous, documented "irregularities" in the Agreement's execution and perfomance. Viewed in the light most favorable to it, The 13th has raised numerous genuine issues of fact as to the circumstances surrounding the Agreement's execution generally, and specifically as to its

ORDER	4

CEO's authority to bind it to an Agreement which brought it limited benefits, without the knowledge or consent of its Board.  On this record, the Defendants / Third Party Plaintiffs are not entitled to summary judgment on the issue of Krajewski's authority.

Additionally, compelling arbitration as the Defendants / Third Party Plaintiffs seek would be flatly inconsistent with Judge Gain's prior adjudication of this issue, if not an outright reversal of it.  This the court will not do in any event.  The arguments that that decision was wrong, inconsistent with later Supreme Court Authority (*Cartenga*), or based on an incomplete or inaccurate record are ones that should be made either in that court, or on a direct appeal of that ruling.  It is not the place of this court to reverse or grant a reconsideration of the state court's ruling.  This issue has already been decided against the Defendants / Third Party Plaintiffs.

Finally, the complexity of the issues raised by all of the various claims, counterclaims, cross claims, and third claims now present in this case make the Defendants / Third Party Plaintiffs' claim of "severability" suspect, if not incorrect.  Referring some of these claims to arbitration, where they are inextricably intertwined with the claims remaining here, only increases the complexity and cost of the case, and unnecessarily introduces the likelihood of inconsistent results.

For these reasons, It is therefore ORDERED that

The Defendants' / Third Party Plaintiffs' Motion to Compel Arbitration [Dkt. #62] is DENIED.

DATED this 1st day of December, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE