HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAY BANK, a division of COWLITZ BANCORP, a state chartered bank, successor to ASIA EUROPE AMERICAS BANK,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>f/v *ORDER OF MAGNITUDE*, Official No. 959446, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>and<br><br>RAY G. WADSWORTH and LYDIA J. WADSWORTH, husband and wife and the marital community composed thereof; RAYMOND "BUD" A. PETERSON and CAROL C. PETERSON, husband and wife and the marital community composed thereof; CHARLES A. REDMAN and CHRISTY A. REDMAN, husband and wife and the marital community composed thereof; and R. BRUCE JOHNSTON and CAROL N. JOHNSTON, husband and wife and the marital community composed thereof, *In Personam*,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. C05-5740-RBL<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL FIRST REQUESTS FOR PRODUCTION, REQUESTS TWO THROUGH SIX |

THIS MATTER comes before the Court on Defendants' Motion to Compel (Dkt. No. 127). Defendants ask this Court to compel Plaintiff Bay Bank to produce various examination reports created either jointly or separately by the Federal Deposit Insurance Corporation and the Washington State Department of Financial Institutions. Plaintiff objects to the requests for production, arguing that the Code of Federal Regulations provides an exemption from disclosure of certain FDIC documents under 12 C.F.R. 309. Plaintiff further points out that the CFR provides an administrative method for seeking FDIC created documents. Because Defendants have not attempted to seek the requested documents directly from the FDIC, Defendants' Motion is DENIED. (Dkt. No. 127).

## I. STATEMENT OF FACTS

Defendants seek discovery of examination reports prepared by various financial regulatory agencies, including the FDIC. Plaintiff objects to the disclosure of these documents because the FDIC has "barred" it from releasing the examination reports. (Decl. Caine ¶ 3.) Defendants seek to compel Bay Bank to respond their First Requests for Production, Two through Six.

## II. ANALYSIS

The CFR provides that certain FDIC documents are exempt from disclosure, including "[r]ecords that are contained in or related to examination, operating or condition reports prepared by, on behalf of, or for the use of the FDIC or any agency responsible for the regulation or supervision of financial institutions." 12 C.F.R. 309.5(g)(8). None of the parties argue that the examination reports fall outside of this category.

In order to secure information within the scope of 12 C.F.R. 309, a litigant must comply with the agency regulations regarding discovery requests. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 571 (D. Kan. 1994).[1] The relevant CFR provides:

> Third parties seeking disclosure of exempt records or testimony in litigation to which the FDIC is not a party shall submit a request for discretionary disclosure directly to the General Counsel [of the FDIC]. Such request shall specify the information sought with reasonable particularity and shall be accompanied by a statement with supporting documentation showing in detail the

---

[1] *National Union* was one of four cases criticizing *Cooperman v. One Bancorp (In re One Bancorp Sec. Litig.), 134 F.R.D. 4* (D. Me. 1991), a case relied upon by Plaintiff in its Response. (Pl.'s Resp. at 5.) *Nat'l Union* declined to follow the *One Bancorp* court's proposition that bank examination reports furnished to depository banks by the FDIC are not within the possession, custody, or control of such banks within the meaning of Fed. R. Civ. P. 34. This Court agrees with *National Union* that "[p]arties in possession of documents forwarded to them by a federal agency which retains ownership and restricts their disclosure, nevertheless have possession, custody, or control of such documents within the meaning of Fed. R. Civ. P. 34." 159 F.R.D. at 566.

> relevance of such exempt information to the litigation, justifying good cause for disclosure, and a commitment to be bound by protective order. Failure to exhaust such administrative request prior to service of a subpoena or other legal process may, in the General Counsel's discretion, serve as a basis for objection to such subpoena or legal process.

12 C.F.R. 309.6(b)(8).

"If the agency refuses to produce the information after completion of this process, the litigant may move to compel production by the *agency*." *Nat'l Union*, 159 F.R.D. at 571 (quoting *Interstate Prod. Credit Ass'n v. Fireman's Fund Ins. Co.*, 128 F.R.D. 273, 276 (D. Or. 1989) (citations omitted) (emphasis added)). When the FDIC promulgates a regulation setting forth the procedure to be followed when a person seeks disclosure of the examination reports, the party seeking disclosure may obtain it, if at all, only after following the prescribed procedure. *See Colonial Sav. & Loan Ass'n v. St. Paul Fire and Marine Ins. Co.*, 89 F.R.D. 481, 484 (D. Kan. 1980) (holding the above proposition in an analogous case with regard to the Federal Home Loan Bank Board).

The Court sees no evidence that Defendants have attempted to comply with the regulations promulgated by the FDIC. Because Defendants have not completed the proper procedure for seeking documents, "it is unnecessary for the Court to pursue a balancing test to determine if the information sought is . . . privileged and whether or not such information should be disclosed. Such determination will be made [only] when production is sought from the [agency]." *Nat'l Union*, 159 F.R.D. at 572 (quoting *Colonial*, 89 F.R.D. at 484). The Court, therefore, denies the present Motion to Compel because of Defendants' failure to complete procedures prescribed in 12 C.F.R. 309.6(b)(8).[2]

The Defendants' Motion seeks only to compel Plaintiff Bay Bank, and not the FDIC or the Washington State Department of Financial Institutions, to produce the requested documents. The Court does not here state what duty, if any, the FDIC or Washington State Department of Financial Institutions may have to produce the examination reports.

---

[2] Even in *Rouson*, which the Defendants so heavily rely on for their Motion, the court denied the motion to compel with regard to certain documents concerning a joint investigation by the FDIC and the state financial institution. The court explained that plaintiff was free to submit "an appropriate written request to the FDIC to produce such documents and thereafter mak[e] any further motion to compel as she deems necessary." *Rouson ex rel. Estate of Rouson v. Eicoff*, 2006 WL 2927161, at *8 (E.D.N.Y. Oct. 11, 2006). Defendants must rely on all aspects of the *Rouson* case, if they are to rely on it at all. Accordingly, Defendants must first make a request from the FDIC for the examination reports.

### III. CONCLUSION

Defendants have yet to exhaust the method prescribed by the CFR for gaining access to the sought documents. The CFR is straightforward on what steps the Defendants may take to seek documents directly from the FDIC. Because Defendants have not attempted to use the procedure outlined in the regulations for obtaining the reports, their Motion to Compel is DENIED. (Dkt. No. 127).

DATED this 7th day of March, 2007.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE